IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MORGAN,

        Plaintiff,                    No. CIV S-09-3379 GEB EFB P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

        Defendant.               ORDER

                                /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

       Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

2

*See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim. In his December 4, 2009 complaint, plaintiff alleges that at his 1999 sentencing hearing, the superior court ordered a $4000 restitution fine to be collected from plaintiff's "earnings" while in prison. Compl. § IV, Rep. Tr. 8/6/99. Plaintiff claims that the California Department of Corrections and Rehabilitation (CDCR) is intentionally disobeying the court's order, by withdrawing not only a percentage from plaintiff's earnings from his prison job, but also from all of his trust account deposits, regardless of the source. *Id.* Plaintiff asserts that CDCR has violated his rights to due process and equal protection, and requests an order directing CDCR to either follow the court's instructions or send plaintiff's case "back to the superior court for correction if the CDCR believes the ordered deduction method is unenforceable." *Id.* §§ IV-V.

Notwithstanding plaintiff's interpretation of the superior court's order regarding the type of funds from which plaintiff's restitution fine is to be collected, Cal. Pen. Code § 2085.5, as amended in 1994, requires CDCR to make deductions "from the wages *and* trust account deposits of prisoners" for payment of restitution obligations. Cal. Pen. Code § 2085.5(a), (b) (emphasis added). While certain funds in a prisoner's trust account are exempt from withdrawal for restitution payments, plaintiff has not alleged that CDCR is withdrawing any exempted funds. *See* Cal. Code Regs. tit. 15, § 3097(j).[1] Furthermore, the deductions were authorized by a

---

[1] Exempted funds consist of:

> Joint Venture Program deposits, funds designated to pay the costs of a family visit (family visit funds), Temporary Community Leave funds, federal disability payments, veteran benefits, any reimbursement to an inmate as a result of a claim for lost or damaged property, or money reimbursed to an inmate due to a failed attempt to purchase merchandise are exempt from deductions for fines and direct orders of restitution . . . .

Cal. Code Regs. tit., 15 § 3097(j).

3

valid act of the California legislature, and the legislative process satisfies the requirements of procedural due process. *See Brown v. Schwarzenegger*, No. CIV S-06-2799 LKK GGH P, 2007 U.S. Dist. LEXIS 11710, at *4 (E.D. Cal. Feb. 1, 2007) (citing *Halverson v. Skagit County*, 42 F.3d 1257, 1260-61 (9th Cir. 1994) ("general notice as provided by law is sufficient"); *cf. Vance v. Barrett*, 345 F.3d 1083, 1090-91 (9th Cir. 2003) (deductions from prisoners' accounts without statutory authorization require procedural safeguards)). Accordingly, plaintiff's due process claim, as alleged, is without merit.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). To state a claim under § 1983 alleging violations of the equal protection clause, plaintiff must allege facts showing that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440-41 (listing suspect classes). Plaintiff has not alleged that he is a member of a protected class, nor has he plead facts to demonstrate that defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Plaintiff also fails to allege facts showing that he has been intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004). Therefore, plaintiff fails to state a cognizable claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff must file an amended complaint to proceed. Unrelated claims against different defendants must be pursued in multiple lawsuits. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as

many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Plaintiff's amended complaint, should he file one, must clearly identify the individuals he intends to name as defendants. Plaintiff must also include sufficient factual allegations linking each defendant to an act or omission that would indicate a deprivation of plaintiff's federal rights.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* Cal. Code Regs. tit. 15, § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). By signing an amended complaint plaintiff certifies his

6

1  claims are warranted by existing law, including the law that he exhaust administrative remedies,
2  and that for violation of this rule plaintiff risks dismissal of his action.
3       Accordingly, the court hereby ORDERS that:
4       1. Plaintiff's request to proceed *in forma pauperis* is granted.
5       2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in
6  accordance with the notice to the Director of the California Department of Corrections and
7  Rehabilitation filed concurrently herewith.
8       3. The complaint is dismissed with leave to amend within 30 days.  The amended
9  complaint must bear the docket number assigned to this case and be titled "First Amended
10 Complaint."  Failure to file an amended complaint will result in a recommendation that this
11 action be dismissed for failure to state a claim.  If plaintiff files an amended complaint stating a
12 cognizable claim the court will proceed with service of process by the United States Marshal.
13 Dated:  June 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE